ZwillGen
1900 M Street NW, Suite 250, Washington, DC 20036
(202) 296 3585

Jeffrey G. Landis
jeff@zwillgen.com

November 19, 2025

**VIA ECF**
Hon. Laura Taylor Swain
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Afriyie v. NBCUniversal Media, LLC*, Case No. 1:23-09433-LTS
*Williams v. NBCUniversal Media, LLC*, Case No. 1:25-cv-07614-LTS-VF
Defendants' Opposition to Plaintiffs' Motion to Consolidate

Dear Judge Swain:

We represent Defendants in the above-captioned *Afriyie* and *Williams* cases.[1] Defendants oppose consolidation first and foremost because it is entirely unnecessary. For reasons Plaintiffs have admitted (but conveniently fail to discuss in their motion), this Court's decision on Plaintiffs' pending motion for leave to amend their First Amended Complaint ("FAC") in *Afriyie* will result in only one surviving case—*Afriyie* or *Williams*—obviating the need for consolidation. That alone warrants denial of Plaintiffs' motion to consolidate (the "Motion"). But beyond that, the Motion should be denied because Plaintiffs are seeking to accomplish through consolidation what they cannot properly accomplish through amendment in *Afriyie*, and because consolidation will only complicate and multiply the proceedings, disserving judicial economy.

## I. Legal Standard

Courts "may," but need not, consolidate two actions that share a "common question of law or fact." Fed. R. Civ. P. 42(a). "Even if the explicit standards of Rule 42 are met," courts still have "broad discretion" to determine if consolidation is appropriate. *KGK Jewelry LLC v. ESDNetwork*, 2014 WL 7333291, at *2 (S.D.N.Y. Dec. 24, 2014) (Swain, J.) (cleaned up).

In exercising that discretion, courts "must balance the interest of judicial convenience against any delay, confusion, or prejudice that might result from such consolidation." *Id.* (cleaned up). Consolidation is inappropriate, for example, when it would afford a "plaintiff the unfair

[1] NBCUniversal Media, LLC ("NBCU") and Peacock TV, LLC are Defendants in *Afriyie*, although, following the dismissal of the First Amended Complaint in *Afriyie*, Plaintiffs have not sought to re-join Peacock TV, LLC in their Proposed Second Amended Complaint ("PSAC") in *Afriyie*. NBCU, NBC News Digital, LLC and Comcast Corporation are Defendants in *Williams* and the proposed Defendants in the PSAC.

opportunity to use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed." *Cherelli v. InStore Grp., LLC*, 513 F. Supp. 3d 187, 193 (D. Mass. 2021) (cleaned up); *accord Curtis v. Citibank, N.A.*, 226 F.3d 133, 140 (2d Cir. 2000) ("[P]laintiffs may not file duplicative complaints in order to expand their legal rights."). Consolidation also does not entail the "complete merger" of the constituent cases; each retains its separate character for purposes of judgment and appeal. *See Hall v. Hall*, 584 U.S. 59, 77 (2018). And "at all times, the burden remains with the moving party to demonstrate that consolidation is appropriate." *KGK Jewelry*, 2014 WL 7333291, at *2 (cleaned up). Here, Plaintiffs have not met that burden.

## II. Argument

Consolidation is inappropriate here because (i) the Court's resolution of Plaintiffs' motion to amend in *Afriyie* will render consolidation unnecessary; (ii) consolidation risks permitting Plaintiffs to end run pleading-amendment procedures in *Afriyie*; and (iii) consolidation will generate unnecessary procedural complexity. Defendants address each point in turn.

*First*, this Court's resolution of Plaintiffs' motion for leave to amend their FAC in *Afriyie* (the "Motion to Amend") will leave only one surviving case, *Afriyie* or *Williams*, obviating the need for consolidation. When this Court dismissed the FAC in *Afriyie*, it permitted Plaintiffs to move for leave to file an amended complaint. *See* ECF 49 at 33. After the Second Circuit's decision in *Solomon v. Flipps Media, Inc.*, 136 F.4th 41 (2d Cir. 2025), Plaintiffs filed the operative Motion to Amend in early July. *See* ECF 60. In their reply brief supporting that motion, Plaintiffs explained that "to preserve Plaintiffs' claims in light of the statute of limitations, Plaintiffs will also file the SAC [Second Amended Complaint] as a new and separate action in this Court promptly after filing this Reply in the above-captioned matter." ECF 65 at 2. To support their argument that granting the Motion to Amend would *promote* judicial economy, Plaintiffs represented in no uncertain terms that "[i]f this Court grants leave to amend, ***Plaintiffs will withdraw that new action***." *Id.* at 2-3 (emphasis added). In their Motion to Consolidate, Plaintiffs fail to even acknowledge that prior commitment, which bears directly on their Motion.

Based on Plaintiffs' commitment, this Court's decision on the Motion to Amend will result in only one surviving case, *Afriyie* or *Williams*, rendering consolidation unnecessary. If the Court grants the Motion to Amend, Plaintiffs, as they represented to this Court, "will withdraw" *Williams*, leaving *Afriyie* as the only surviving case. *See Afriyie*, ECF 65 at 2, 10. Plaintiffs will then file their Second Amended Complaint in *Afriyie* (*see Afriyie*, ECF 62-1 (PSAC)), and Defendants will move to dismiss the SAC. On the other hand, if the Court denies the Motion to Amend, *Williams* will remain as the surviving case, and Defendants will move to dismiss the *Williams* complaint on its own docket. Accordingly, this Court's decision on the Motion to Amend will moot the consolidation issue. For that reason alone, the Court should deny Plaintiffs' motion to consolidate—or at least hold that motion in abeyance until after the Court rules on the Motion to Amend.

*Second*, consolidation risks enabling Plaintiffs to circumvent pleading-amendment deadlines and procedures in *Afriyie* in a way that expands their procedural or legal rights. Plaintiffs did not merely file their PSAC as a new complaint, as they said they would in their Motion to

Amend reply. *Contra Afriyie*, ECF 65 at 2. Rather, the *Williams* complaint added three plaintiffs not included in the PSAC (Lisa Mikec, Demetria Tobutis, and Richard Meketon); claims on those individuals' behalf; and substantively different allegations about the information allegedly transmitted from certain NBC Apps to third-party mParticle, along with related screenshots absent from the PSAC. *Compare, e.g.*, *Williams*, ECF 2 ¶¶ 118-119, 128-130, 140-141, 150-151, 160, 161, *with Afriyie*, ECF 62-1 ¶¶ 93, 103, 114, 124, 134.

Now, through the distinct mechanism of consolidation, Plaintiffs apparently seek to join the additional parties and claims in *Williams* to the *Afriyie* case and proceed, in essence, on what would be a *third* amended complaint in *Afriyie* without having moved for, or been granted, leave to file such a complaint. *Contra City of New York v. FedEx Ground Package Sys., Inc.*, 2018 WL 4521209, at *4 (S.D.N.Y. Sept. 21, 2018) ("Like other amended pleadings, the filing of a consolidated amended complaint is governed by Rules 15 and 16 of the Federal Rules of Civil Procedure."). This Court should reject that effort because consolidation cannot be used to expand a parties' procedural rights. *Cf. Curtis*, 226 F.3d at 140. And any request to file a further amended complaint operative in the *Afriyie* matter would run into all the obstacles Defendants identified in opposing the pending Motion to Amend, including that Plaintiffs Afriyie and Campbell cannot remedy their lack of standing by alleging a new case through wholly new plaintiffs. Moreover, Plaintiffs fail to explain why they could not have included in their PSAC in *Afriyie* the new parties and allegations in *Williams*. Contrary to Plaintiffs' meet-and-confer certification (Mot. at 3), Defendants never suggested that the new claims and parties in *Williams* would somehow become absorbed into the PSAC in *Afriyie*. Instead, Defendants consistently maintained that consolidation was unnecessary because only one of the two complaints at issue would proceed depending on how the Court resolved the Motion to Amend.

Third, consolidation would needlessly multiply proceedings and complicate the issues. Although this Court, based on the parties' agreement, has adjourned Defendants' complaint-response deadline in *Williams* until the resolution of either the Motion to Amend or motion to consolidate and ordered a contingent briefing schedule pending the resolution of those motions (*see Williams*, ECF 19), Defendants respectfully submit that various outcomes could still manifest that result in duplicative and inefficient motion practice. For example, if the Court first denies consolidation, Defendants will currently move to dismiss the *Williams* complaint within 14 days of that decision, but the Motion to Amend will remain pending, leaving open the possibility that Defendants will need to respond to the SAC. Other permutations add to the uncertainty and highlight the risk of duplicative proceedings.[2] And, as noted, Defendants will seek to be heard on any motion to file an amended, consolidated complaint.[3]

That morass can be avoided if the parties simply wait for this Court to rule on the Motion to Amend and Plaintiffs withdraw *Williams* if the Motion to Amend is granted, as they promised

---

[2] For that reason, Defendants had proposed to Plaintiffs that the parties adjourn Defendants' complaint-response deadline in *Williams* entirely and meet and confer regarding a briefing schedule once the Court rules on either the Motion to Amend or motion to consolidate; Plaintiffs declined.

[3] None of Plaintiffs' cited authorities (*see* Mot. at 2-3) address the propriety of consolidation in procedural circumstances present here, so are inapposite.

they would. Alternatively, and although Plaintiffs' flip-flopping and lack of candor should not be rewarded, if Plaintiffs have decided that they seek to proceed on the *Williams* complaint, which subsumes the PSAC, Plaintiffs should simply withdraw their Motion to Amend in *Afriyie*. The parties will then litigate the *Williams* case in its own docket. Plaintiffs fail to explain (because they cannot) why consolidation is superior to that much simpler course or what purpose would be served by allowing the *Williams* complaint and the SAC in *Afriyie* to proceed in parallel, even if in a consolidated action.[4]

For the above reasons, this Court should deny Plaintiffs' motion to consolidate.

Sincerely,

/s/*Jeffrey G. Landis*
Jeffrey G. Landis

---

[4] To the extent Plaintiffs believe consolidation will allow the *Williams* plaintiffs to take advantage of *Afriyie*'s October 26, 2023 filing date for statute of limitations purposes, that is also mistaken (and not a proper ground for consolidation). *See In re Pella Corp. Architect & Designer Series Windows Mktg.*, 2015 WL 4162442, at *3 (D.S.C. July 9, 2015) ("Numerous courts have recognized that motions to consolidate do not invoke the relation back doctrine of Rule 15(c) because consolidation under Rule 42(a) does not merge the consolidated suits into a single action.") (collecting cases).