LOWEY DANNENBERG

November 26, 2025

**VIA ECF**
Hon. Laura Taylor Swain
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re: Reply in Support of Letter-Motion to Consolidate *Afriyie v. NBCUniversal Media LLC*, No. 1:23-09433-LTS with *Williams v. NBCUniversal Media, LLC*, No. 1:25-cv-07614-LTS-VF

Dear Judge Swain:

Plaintiffs in the above-referenced matters respectfully submit this reply in support of their November 5, 2025 Letter Motion seeking consolidation of the *Afriyie* and *Williams* matters. *See* ECF Nos. 68 (*Afriyie*), 19 (*Williams*).[1]

Defendants' arguments against consolidation of the *Afriyie* and *Williams* cases lack merit. Specifically, their arguments fail for two main reasons. ***First***, although Defendants claim consolidation is unnecessary, they fail to present a concrete bases, such as differences among the facts, circumstances, or claims asserted, that would warrant two separate litigations. The fact that the same outcome could be achieved if the Court grants the pending motion for leave to amend in *Afriyie* is not a reason to deny consolidation, because the cases at issue clearly meet the Rule 42 standard. More importantly, this flawed argument ignores that the *Williams* complaint contains additional allegations as a direct result of Defendants' post-motion to amend challenges to the *Alfiyie* complaint, in which they claimed—through a series of emails and inaccurate declarations—that the descriptions of the data transmitted by the NBC Apps was wrong. Consolidating these cases so the same technical allegations are present in both cases will increase efficiency by presenting the same facts in both cases. Indeed, addressing all claims in a single case can only *simplify* case administration, not needlessly multiply proceedings and complicate the issues as Defendants incorrectly claim. ***Second***, Defendants' claim that Plaintiffs are attempting to "circumvent" legal procedures and improperly expand their rights is both bizarre and untrue. Response at 2. Plaintiffs' uncontroversial request to consolidate the cases is a good faith attempt to streamline legal issues and promote efficiency; it is unclear what new rights Plaintiffs could even gain through this ministerial process. The Court should grant Plaintiffs' motion.

[1] All defined terms in the Letter Motion are incorporated here by reference.

www.lowey.com
44 South Broadway, Suite 1100, White Plains, NY 10601-4459 (p) 914-997-0500 (f) 914-997-0035
One Tower Bridge, 100 Front Street, Suite 520, West Conshohocken, PA 19428 (p) 215-399-4770 (f) 610-862-9777

## I. *Afriyie* and *Williams* Are Well-Suited For Consolidation

The *Afriyie* and *Williams* Cases are precisely the type of cases suited for consolidation under Rule 42 because they unequivocally involve overlapping facts, claims, parties, and counsel. *See* Letter Motion at 2 §III. Indeed, Defendants do not dispute the clear overlap between the cases, thereby conceding that Plaintiffs have met the requirements of Rule 42. This alone confirms that consolidation is appropriate and should be granted.

Defendants' remaining arguments are premised on the incorrect assertion that the benefits of consolidation are outweighed by purported risks of delay, confusion, or prejudice. *See* ECF No. 69 ("Opp.") at 3. But none of these risks are present here. *KGK Jewelry LLC v. ESDNetwork*, No. 11-cv-9236, 2014 WL 7333291, at *2 (S.D.N.Y. Dec. 24, 2014) (Swain, J.)) highlights this distinction. In *KGK Jewelry LLC*, the court denied a motion to consolidate cases that were in wildly different procedural—one nearing trial and the other just having been filed—because of the potential for joining these disparate cases to upend the progress in the trial-bound litigation. *Id*. at 2. Unlike *KGK Jewely, Afriyie* and *Williams* are at compatible stages: pre-Motion to Dismiss, with neither having even begun (let alone completed) discovery. Consolidating these cases poses none of the same concerns express by the *KGK Jewely* court.

Defendants' remining arguments against consolidation are equally flawed. First, Defendants argue that consolidation is unnecessary because Plaintiffs intend to withdraw the *Williams* Case if the motion to amended in *Afriyie* is granted. Opp. at 2. While Plaintiffs believe both cases should proceed together, and that this could be accomplished either by consolidation or an amendment in *Alfriyie* to include the facts alleged in *Williams*, consolidation is the better course. Noticeably, the *Williams* complaint contains new allegations that respond to false contentions Defendants raised after Plaintiffs filed their Motion to Amend and proposed SAC in *Afriyie* (*see* ECF Nos. 60-62), in which Defendants produced declarations from paid employes claiming the allegations in the proposed *Afriyie* complaint inaccurately described the data disclosed by the NBC Apps. Although well beyond the bounds of what is required at the pleading stage, Plaintiffs addressed Defendants' contentions by adding allegations in *Williams* that quoted directly from transmissions showing individuals names, email addresses, and precise location being disclosed with video titles by the NBC Apps at issue in both cases. *See, e.g., Williams*, No. 1:25-cv-07614-LTS-VF, ECF No. 1 ¶ 119, 128. This makes one other thing clear: NBC's purpose in opposing consolidation is not to prevent delay or confusion, like it claims, but to keep these allegations from being used in both cases, as they are fatal to any motion to dismiss.

This is confirmed by the fact that Defendants cannot identify a single actual basis to deny consolidation under Rule 42. While they claim that "consolidation would needlessly multiply proceedings and complicate the issues" (Opp. at 3) this the exact opposite is true: consolidation will create a single action, not multiple. Defendants also ignore entirely the possibility that the Court only grants-in-part the *Afriyie* motion to amend, resulting in a need for consolidation to ensure efficiency by streamlining to one action. Only not granting consolidation creates the "morass" Defendants fear. *See* Opp. at 2, 3.

Defendants also argue that consolidation would permit Plaintiffs to impermissibly expand their rights. Not so. Consolidation is an administrative function that does not change a party's substantive claims or rights. *See Disc. Bank & Tr. Co. v. Salomon Inc.*, 141 F.R.D. 42, 44 (S.D.N.Y. 1992) (granting consolidation and noting that it would not affect the parties "substantive rights" including the ability to move for summary judgment). It cannot not alter the merits of Plaintiffs' claims (which are strong), or the claims themselves. Nor would it enlarge any dispositive deadlines, *e.g.* statute of limitations, associated with those claims.

Defendants' attacks on the additional information Plaintiffs included in the *Williams* Complaint are no basis to deny consolidation either. While Defendants claim that these details—which show their arguments to date, and statement of employees have been false—were somehow improper, this makes little sense. The allegations Defendants complain about were added in a new pleading in direct response to Defendants' August 2025 demand that Plaintiffs show the basis for their claim that the NBC Apps were disclosing personally identifiable information with video history. This is not a back door attempt to amend the complaint for the third time (Opp. at 3)—though good cause would exist to do so anyway given Defendants' own requests—it is what they asked for. Defendants may not like that result, but it has nothing to do with consolidation.

## II. Conclusion

In sum, "[T]he proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court [is] to consolidate them under Rule 42(a)." *Milhouse v. Hilton Garden Inn Employees,* No. 22-CV-2934, 2022 WL 1749844, at *3 (S.D.N.Y. May 31, 2022). Here there is no dispute that the *Afriyie* and *Williams* Cases warrant consolidation as they involve "privacy violations arising from the collection, retention, and distribution of personal data. . . . [b]oth bring claims under [the same laws] . . . [a]nd they sue overlapping defendants." *Ayerdi v. Zeta Global Holdings Corp.,* No. 25 Civ. 5780, 2025 WL 2916293, at *2 (S.D.N.Y. Oct. 14, 2025). Defendants' claim that joining them administratively would cause uncertainty, confusion, delay, or prejudice, is meritless. Consolidation will promote judicial economy, mitigate the risk of inconsistent adjudications of common factual and legal issues, and reduce the burden that the administration of multiple lawsuits would impose on all parties.

For the reasons set forth in Plaintiffs' Letter Motion and herein, Plaintiffs respectfully request that the Court consolidate the above-captioned actions.

Respectfully submitted,

*/s/ Christian Levis*
Christian Levis