

**Carol C. Villegas**
**Partner**
**Labaton Keller Sucharow LLP**
140 Broadway
New York, New York 10005
212.907.0700
CVillegas@labaton.com

November 5, 2025

## MEMO ENDORSED

**TO ALL PARTIES VIA ECF**

**Hon. Laura Taylor Swain**
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

RE:      Letter-Motion to Consolidate *Afriyie v. NBCUniversal Media LLC*, No. 1:23-09433-LTS with *Williams v. NBCUniversal Media, LLC*, No. 1:25-cv-07614-LTS-VF

Dear Judge Swain:

My firm represents the plaintiffs in both of the above-referenced matters, hereinafter referred to as the "*Afriyie* Case" and "*Williams* Case," respectively.  The *Williams* Case was initiated on September 13, 2025, and accepted by the Court as related to the *Afriyie* Case five days later.  *See Williams* Case ECF Nos. 2 ("*Williams* Complaint"), 7 (Corrected Civil Cover Sheet), 8 (Statement of Relatedness).  The *Afriyie* and *Williams* Cases have overlapping legal theories, Defendants,[1] and counsel, and will also have significant overlap in named plaintiffs if the pending motion for leave to amend the *Afriyie* Complaint is granted.  Therefore, in the interests of efficiency and judicial economy, the plaintiffs in both actions respectfully request that the Court consolidate the two matters pursuant to Federal Rule of Civil Procedure ("Rule") 42(a), Southern District of New York ("SDNY") Local Rule 7.1(e), SDNY Electronic Case Filing Rule & Instruction 13.1, and Your Honor's Individual Practices 1(a), 1(b), 2(a), 2(b), and 2(c).

### I.        Procedural History

---

[1] They are: NBCUniversal Media, LLC, NBC News Digital, LLC, and the Comcast Corporation ("Defendants").  Original named plaintiffs Amma Afriyie and Roy Campbell, and original defendant Peacock TV, LLC, are still referenced in the case caption of the Afriyie Case, but these plaintiffs' claims were dismissed in March 2025, and Peacock TV LLC was dropped as defendant in the proposed Second Amended Complaint discussed *infra*.  *See* ECF Nos. 49, 62-1.  Plaintiffs Michael Williams, Kellie Prevost, and Scott Warburton still have claims in both the *Afriyie* and *Williams* Cases.



New York | Delaware | London | Washington, D.C.



November 5, 2025
Page 2

On October 26, 2023, plaintiffs in the *Afriyie* Case ("Afriyie Plaintiffs") filed their initial complaint, which was then amended on February 9, 2024. ECF Nos. 1, 24. Defendants NBCUniversal Media, LLC and Peacock TV, LLC moved to dismiss the First Amended Complaint ("FAC") on March 8, 2024. ECF Nos. 30-32. Their motion was granted on March 31, 2025. ECF No. 49. In the same ruling, the *Afriyie* Plaintiffs were granted leave to file a motion to amend the FAC.

Following this ruling, on April 21, 2025, the *Afriyie* Plaintiffs moved for leave to file a Second Amended Complaint ("SAC"). ECF Nos. 50-52, "Motion for Leave." While that request was pending, the Second Circuit issued a new decision applying the Video Privacy Protection Act ("VPPA"). *See Solomon v. Flipps Media, Inc.*, No. 23-7597-CV. In light of the *Solomon* decision, and with the Court's renewed permission (ECF No. 57), the *Afriyie* Plaintiffs filed an amended Motion for Leave on July 2, 2025 (ECF Nos. 60-62); briefing completed for this motion on August 15, 2025. It remains pending before Your Honor.

On September 13, 2025, plaintiffs in the *Williams* Case filed a new complaint to preserve their claims in light of the two-year statute of limitations under the VPPA. The *Williams* Case directly overlaps with the facts and legal issues involved in the *Afriyie* Case.

## II.    Legal Standard

Rule 42(a) provides: "[i]f actions before the court involve a common question of law or fact," as they do here, "the [C]ourt may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Indeed, a "trial court has broad discretion to determine whether consolidation is appropriate . . . [and] considerations of judicial economy favor consolidation." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).

## III.    Argument

Courts in this District routinely find consolidation appropriate when dealing with cases like the *Afriyie* and *Willaims* Cases. This Court recently consolidated similarly situated cases in a different action, explaining that "[t]he proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court [is] to consolidate them under Rule 42(a). . . . [When] actions involve common issues of law and possibly some of the same [d]efendants, both equity and judicial economy support the consolidation of these cases." *Milhouse v. Hilton Garden Inn Emps.*, 2022 WL 1749844, at *3 (S.D.N.Y. May 31, 2022); *accord SR Hospitality, LLC, v. Mt. Hawley Ins. Co.*, 2025 WL 2911429, at *2 (S.D.N.Y. Oct. 14, 2025) ("[Rule] 42 allows for consolidation, a 'valuable and important tool of judicial administration' . . . a district court will generally consolidate actions."); *In re Credit Suisse Sec. Fraud Class Actions*, 2025 WL 2636302 (S.D.N.Y. Sep. 12, 2025) (similar); *210 Muni LLC v. Mahlum*, 2025 WL 2403195 (S.D.N.Y. Aug. 19, 2025) (similar); *Ayerdi, v. Zeta Glob. Holdings Corp.*, 2025 WL 2916293, at *2 (S.D.N.Y. Oct. 14, 2025) (consolidating cases where "[b]oth actions allege privacy violations arising from" the



November 5, 2025
Page 3

same conduct and laws and noting that "minor differences between the cases . . . do not bar consolidation").

The *Afriyie* and *Williams* Cases involve parties, conduct, facts and legal issues that directly overlap. The *Afriyie* Case, as set forth in the proposed SAC, involves claims concerning the collection and dissemination of the *Afriyie* Plaintiffs' personal data and video viewing histories in connection with their use of various NBC apps, owned and operated by Defendants. These claims are virtually identical to the claims in the *Williams* Case. Both cases also involve the same Defendants, as noted *supra*. Indeed, overlapping data privacy cases, like *Afriyie* and *Williams*, have been consolidated where "[b]oth actions allege privacy violations arising from the collection, retention, and distribution of personal data. . . . [b]oth bring claims under [the same laws] . . . [a]nd they sue overlapping defendants." *Ayerdi*, 2025 WL 2916293, at *2. Because both cases here involve the same legal theories, factual allegations, and parties, they should be consolidated. Doing so will promote judicial economy, mitigate the risk of inconsistent adjudications of common factual and legal issues, and reduce the burden that the administration of multiple lawsuits would impose on all parties.

## IV.    Certification

Plaintiffs certify that on October 28, 2025, pursuant to Your Honor's Individual Practice 1(b), the Parties met and conferred to discuss Plaintiffs' intention to submit this letter-motion. Pursuant to that meeting and related written correspondence, Defendants have confirmed that they oppose Plaintiffs' letter-motion to consolidate. Defendants stated during this call, and reiterated in subsequent communication, that they believe waiting for the Court's ruling on Plaintiffs' motion to amend the *Afriyie* Complaint in lieu of consolidation is the most efficient way forward since, to the extent leave to amend is granted, Plaintiffs can include the *Willams* plaintiffs and their claims in that case. In Plaintiffs' view, this is a distinction without a difference: whether these parties and claims are joined through amendment or through consolidation, the same reasoning supports combining the cases—which the Parties agree concern the same facts and circumstances—to remove duplication and promote judicial efficiency by addressing these plaintiffs' allegations in a single action.

For the reasons set forth above, notwithstanding Defendants' objection, Plaintiffs maintain that consolidation is appropriate. While this letter-motion is pending, Plaintiffs would consent to an adjournment of Defendants' deadline to respond to the complaint in the *Williams* Case until two weeks after Your Honor rules on Plaintiffs' Motion for Leave in the *Afriyie* Case or this letter-motion to consolidate.

Respectfully submitted,

The foregoing motion to consolidate is denied as moot because Afriyie has been dismissed. Defendants are hereby directed to respond to the Complaint in two weeks.
SO ORDERED.
3/30/2026
/s/ Laura Taylor Swain, Chief USDJ

/s/ *Carol C. Villegas*
Carol C. Villegas